UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SCOTTSDALE INSURANCE
COMPANY,

      Plaintiff,

v.

CONTINUUM ON SOUTH BEACH
MASTER ASSOCIATION, INC., and
CB ENTERTAINMENT, LLC,

      Defendants.
_____ /

CASE NO. 11-22838-CIV SEITZ/SIMONTON

## JOINT SCHEDULING REPORT

In accordance with Fed. R. Civ. P. 26(f)(3), Local Rule 16.1(b)(2), and this Court's August 25, 2011 Order Requiring Joint Scheduling Report, the Parties provide the following Joint Scheduling Report:

**A.  A short, plain statement of the nature of the claim, any counterclaims, cross-claims or third-party claims with a good faith estimate of the specific dollar valuation of damages claimed and any other relief sought.**

This is an action for declaratory relief, seeking a determination of 1) whether the commercial general liability insurance policies issued by Scottsdale to Continuum on South Beach Master Association, Inc. ("Master Association") for the period of October 18, 2009 through October 18, 2010, Policy No. CPS1078482, and for the period of October 18, 2010 through October 18, 2011, Policy No. CPS1295765, provide coverage for the claims asserted against Master Association in an underlying lawsuit filed by Defendant, CB Entertainment, LLC, 2) whether Scottsdale has an obligation to provide Master Association with a defense in the

underlying lawsuit, and 3) whether Scottsdale has an obligation to make indemnity payment to any party under the policies in connection with the underlying lawsuit.

At this time, there are no counterclaims, cross-claims or third-party claims, and none are anticipated. No pleading or other paper were filed or served on behalf of Defendant, CB Entertainment, LLC, within the time frame set forth in Federal Rule of Civil Procedure 55(a); thus, a Clerk's Default was entered against Defendant, CB Entertainment, on September 28, 2011.

Given that this is an action for declaratory relief, no damages are being sought by any party.

**B.     A brief summary of the facts that are uncontested or which can be stipulated to without discovery.**

The following facts are uncontested:

- There is diversity of citizenship among the Parties, the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorneys' fees and costs, and thus, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

- Venue is proper in this Court.

- Scottsdale issued Policy No. CPS1078482 to Master Association for the period of October 18, 2009 through October 18, 2010, and issued Policy No. CPS1295765 to Master Association for the period of October 18, 2010 through October 18, 2011 ("the Policies").

- The Policies provide commercial general liability coverage with limits of $1 million each occurrence/$2 million general aggregate, in accordance with the terms, exclusions, limitations, definitions, and conditions stated in the Policies.

- On September 11, 2010, CB Entertainment sued Master Association and others in the lawsuit styled *CB Entertainment, LLC v. South Beach Ocean Parcel LTD., et. al.*, Case No. 10-49616-CA-40, in the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida (the "Underlying Lawsuit"). A First Amended Complaint and a Second Amended Complaint have been filed in the Underlying Lawsuit.

- Scottsdale is defending Master Association in the Underlying Lawsuit subject to a reservation of its rights under the Policies.

- The allegations in the operative underlying complaint speak for themselves.

**C.    A list of the legal elements of each claim and defense asserted.  Consult the Eleventh Circuit of applicable state standard jury instructions for such.  This list will be used to help resolve relevance issues in discovery.**

*Elements of Plaintiff's Claims*

- **Count I – Declaratory Relief** (No Property Damage Occurred Within the Policy Periods)

    1)   The alleged "property damage" occurred prior to the inception of the Policies.

    Note:  Depending on the test for trigger of coverage, the following may be elements (in the alternative to one another):

    a)   The "property damage" was first discovered prior to the first policy period.

    b)   The "property damage" was reasonably discoverable before the first policy period either because it was open and obvious or because it could have been discovered upon a prudent engineering investigation.

    c)   The unit suffered damage before the first policy period, regardless of whether it was discovered or discoverable.

- **Count II – Declaratory Relief** (No Coverage for Known Loss)

    1)   Prior to the inception of the Policies, Master Association and/or its employees authorized to give or receive notice of claims knew that "property damage" to TH4 had occurred, in whole or in part.

- 2) The "property damage" to TH4 was known to have occurred at the earliest time when Master Association and/or its employees authorized to give or receive notice of claims: (1) reported all, or any part, of the "property damage" to Scottsdale or to any other insurer; (2) received a written or verbal demand or claim for damages because of the "property damage"; or (3) became aware by any other means that the "property damage" had occurred or had begun to occur.

- **Count III – Declaratory Relief** (No Coverage for Damage Caused by Fungi or Bacteria)

    - 1) The alleged "property damage" would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any 'fungi' or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

    - 2) "Mold" is included in the Policies' definition of "fungi."

- **Count IV – Declaratory Relief** (No Coverage for Expected or Intended Injury)

    - 1) The "property damage" was expected or intended from the standpoint of Master Association.

- **Count V – Declaratory Relief** (No Coverage Due to Lack of "Property Damage")

    - 1) "Property damage" does not include the cost of repairing or removing the insured's own defective work under Florida law.

    - 2) The Underlying Lawsuit seeks damages for the costs of repairing or replacing Master Association's defective work.

- **Count VI – Declaratory Relief** (No Coverage Based on Damage to Property Exclusion)

    - 1) Some or all of the "property damage" occurred to "that particular part of real property" on which Master Association or its subcontractors were "performing operations."

    - 2) Some or all of the "property damage" occurred to "that particular part of any property that must be restored, repaired or replaced because 'your [Master Association's] work' was incorrectly performed on it."

    - 3) Some or all of the "property damage" arose out of Master Association's work "that has not yet been completed or abandoned."

- **Count VII – Declaratory Relief** (No Coverage Based in Damage to Your Work Exclusion)

    - 1) Some of all of the "property damage" occurred to "your work" as that term is defined by the Policies.

   2) Some or all of Master Association's work or operations were not performed by a contractor.

- **Count VIII – Declaratory Relief** (No Coverage for Punitive Damages)

   1) Damages sought in the Underlying Lawsuit are for punitive or exemplary damages.

*Elements of Master Association's Defenses*

- **Affirmative Defenses**

  - **First Affirmative Defense -** (Complaint fails to state a claim upon which relief may be granted)

     1) The Complaint was filed based on allegations in a First Amended Complaint. The Second Amended Complaint in the underlying litigation is the operative pleading and contains allegations which moot the action for declaratory relief.

  - **Second Affirmative Defense -** (Complaint should be dismissed because of failure to perform conditions precedent)

     1) The applicable policies contain procedures for the resolution of disputes.

  - **Third Affirmative Defense -** (Complaint should be dismissed because of failure to exhaust administrative remedies provided for under the policies)

     1) The applicable policies contain procedures for the resolution of disputes.

  - **Fourth Affirmative Defense -** (Complaint should be dismissed because plaintiff in the underlying litigation has filed a Second Amended Complaint, superseding the Amended Complaint)

     1) The Complaint was filed based on allegations in a First Amended Complaint. The Second Amended Complaint in the underlying litigation is the operative pleading and contains allegations which moot the action for declaratory relief.

  - **Fifth Affirmative Defense -** (Complaint should be dismissed because of waiver and laches)

     1) Scottsdale has waived its rights under the Policies or Florida law, either expressly or impliedly, including the right to seek the instant declaratory judgment regarding its rights and obligations under the Policies.

     2) Scottsdale unreasonably delayed the assertion of its rights under the Policies or Florida law.

- 4) Such unreasonable delay by Scottsdale occurred during a period in which adverse rights were acquired by Master Association.

- 5) Master Association acquired such adverse rights under circumstances that make it inequitable to displace them for the benefit of Scottsdale.

- **Count I – Declaratory Relief** (No Property Damage Occurred Within the Policy Periods)

The operative pleading is the Second Amended Complaint with a service date of August 8, 2010 [sic].  The Second Amended Complaint alleges property damage within the policy periods.

- **Count II – Declaratory Relief** (No Coverage for Known Loss)

The Second Amended Complaint alleges the defects were not readily recognizable and were hidden by components or finishes.

- **Count III – Declaratory Relief** (No Coverage for Damage Caused by Fungi or Bacteria)

The Second Amended Complaint alleges resulting damages which are a covered loss and damages for other than caused by fungi or bacteria.

- **Count IV – Declaratory Relief** ( No Coverage for Expected or Intended Injury)

The Second Amended Complaint alleges damages that were neither expected nor intended.

- **Count V – Declaratory Relief** (No Coverage Due to Lack of "Property Damage")

The Second Amended Complaint alleges property damage.

- **Count VI – Declaratory Relief** (No Coverage Based on Damage to Property Exclusion)

The Second Amended Complaint alleges property damages not for ongoing work or operations and not for work performed by or on behalf of the Master Association.

- **Count VII – Declaratory Relief** (No Coverage Based on Damage to Your Work Exclusion)

The Second Amended Complaint alleges property damages not for work performed by or on behalf of the Master Association.  Further, any work would have been performed by a subcontractor and not by the Master Association and coverage is provided under the policies.

- **Count VIII – Declaratory Relief** (No Coverage for Punitive Damages)

    The Second Amended Complaint alleges damages other than punitive or exemplary damages.

D.  **Whether discovery should be conducted in phases or limited to certain issues.**

    The Parties do not anticipate the need to conduct discovery in phases or to limit discovery to any certain issues.

E.  **A detailed schedule of discovery for each party.**

    Please see Attachment A for the Parties' schedule of discovery and proposed case management deadlines.

F.  **Proposed dates and/or deadlines for: trial; to join other parties; to amend pleadings; to file motions (i.e., Class Certification, Summary Judgment, *Daubert*, *Markman*); to complete fact and expert discovery; to exchange Fed. R. Civ. P. 26(a)(3) disclosures; to complete mediation; to hold any status, specialized hearings (i.e., *Markman*); and pretrial conferences.**

    Please see Attachment A for the Parties' proposed case management deadlines.

G.  **Estimated length of trial and whether it is jury or non-jury.**

    The Parties estimate that trial will last 3-4 days. The Parties agree to a non-jury trial.

H.  **A list of all pending motions, whether each is "ripe" for review, the date each became ripe and a summary of the parties' respective positions with respect to each ripe motion.**

    There are no motions pending at this time. Pursuant to the Court's Order Requiring Motion for Final Default Judgment dated September 28, 2011, Scottsdale anticipates filing a Motion for Final Default Judgment against Defendant, CB Entertainment, on or before November 28, 2011.

I.  **Any unique legal or factual aspect of the case requiring the Court's special consideration.**

None.

J.  **A statement as to the need (or agreement) to refer matters, including motions to dismiss, motions for summary judgment and discovery to the Magistrate Judge or special master. As part of the joint scheduling report, the parties shall jointly complete and file with the Court the Magistrate Judge jurisdiction election form for motions (Attachment B). The Court will not accept unilateral submissions in this regard; thus, a "Yes" should be checked only if all parties agree. If all parties consent to a full disposition of the case by the Magistrate Judge, including trial and entry of final judgment, Attachment C is an election form which all parties must sign and file.**

The Parties agree to refer motions to the Magistrate Judge as designated on the attached Magistrate Judge jurisdiction election form for motions [Attachment B].

K.  **The status and likelihood of settlement.**

Settlement is unlikely at this time because this a declaratory judgment action. Any settlement likely will require a global settlement of the underlying liability action, which involves other entities that are not parties to this lawsuit and have no interest in the outcome of this lawsuit. However, the Parties will continue to discuss the possibility of settlement.

L.  **Any other matters that Local Rule 16.1B requires, or that may aid in the fair, expeditious and efficient management and/or disposition of this action.**

- **L.R. 16.1(b)(2)(B). The likelihood of appearance in the action of additional parties.**

The appearance in the action of additional parties is unlikely.

- **L.R. 16.1(b)(2)(E).  The necessity or desirability of amendments to the pleadings.**

The Parties do not anticipate the need for any amendments to the pleadings.  Further, the Parties agree that amendment of the complaint in the underlying liability action will not necessitate amendment of the pleadings in this action, although the Parties reserve the right to do so within the time frame stipulated above or in accordance with rulings of this Court or applicable Federal and Local Rules governing this action.

- **L.R. 16.1(b)(2)(F).  The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence.**

The Parties agree to attempt to stipulate to undisputed facts and to the authenticity and admissibility of documentary evidence to be offered at trial.  The Parties shall utilize the required joint pretrial stipulation for that purpose.

- **L.R. 16.1(b)(2)(G).  Suggestions for the avoidance of unnecessary proof and of cumulative evidence.**

The Parties will use the required joint pretrial stipulation to narrow the issues of fact that must be litigated so as to avoid unnecessary proof and cumulative evidence.

## **CERTIFICATE OF F.R.C.P. 26(a)(1) DISCLOSURES**

I HEREBY CERTIFY that on October 6, 2011, I served Plaintiff Scottsdale Insurance Company's Rule 26(a)(1) Initial Disclosures on all counsel of record via facsimile and U.S. Mail.

/s/Bridget Remington
Attorney for Plaintiff Scottsdale Insurance Company

I HEREBY CERTIFY that within ten days of the filing of this Joint Scheduling Report, I will serve Defendant Continuum on South Beach Master Association, Inc.'s Rule 26(a)(1) Initial Disclosures on all counsel of record via electronic transmission (email).

/s/Ronald G. Robey
Attorney for Defendant Continuum on South Beach Master Association, Inc.

Dated:  October 14, 2011.

/s/ Bridget E. Remington
Bridget E. Remington, Esq.
FL Bar No.: 660051
Phelps Dunbar LLP
100 South Ashley Drive • Suite 1900
Tampa, Florida 33602-5311
(813) 472-7550
Fax: (813) 472-7570
Email:  remingtb@phelps.com
Attorney for Plaintiff, Scottsdale Insurance Company

/s/ Ronald G. Robey
Ronald G. Robey, Esq.
Florida Bar No. 0833797
Smith, Currie & Hancock LLP
245 Peachtree Center Avenue, N.E.
Suite 2700 Marquis One Tower
Atlanta, Georgia   30303-1227
Telephone:  (404) 521-2800
Facsimile:  (404) 688-0671
Email:  rgrobey@smithcurrie.com
Attorney for Defendant, Continuum on South Beach Master Association, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **October 14, 2011**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that a copy of the foregoing is also being served via U.S. Mail to the attorney(s) on the attached Service List.

/s/Bridget Remington
Attorney

## SERVICE LIST

| | |
|---|---|
| Bridget E. Remington, Esq. | Ronald G. Robey, Esq. |
| FL Bar No.: 660051 | Florida Bar No. 0833797 |
| Phelps Dunbar LLP | Smith, Currie & Hancock LLP |
| 100 South Ashley Drive • Suite 1900 | 245 Peachtree Center Avenue, N.E. |
| Tampa, Florida 33602-5311 | Suite 2700 Marquis One Tower |
| (813) 472-7550 | Atlanta, Georgia 30303-1227 |
| Fax: (813) 472-7570 | Telephone:  (404) 521-2800 |
| Email:  remingtb@phelps.com | Facsimile:  (404) 688-0671 |
| Attorney for Plaintiff, Scottsdale Insurance Company | Email:  rgrobey@smithcurrie.com |
| | Attorney for Defendant, Continuum on South Beach Master Association, Inc. |

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SCOTTSDALE INSURANCE
COMPANY,

    Plaintiff,

v.

CASE NO. 11-22838-CIV SEITZ/SIMONTON

CONTINUUM ON SOUTH BEACH
MASTER ASSOCIATION, INC., and
CB ENTERTAINMENT, LLC,

    Defendants.
_____/

## PROPOSED CASE MANAGEMENT DEADLINES

01/06/12    Joinder of parties and amendment of pleadings.

01/20/12    Parties shall furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses shall be permitted to testify unless good cause is shown and there is no prejudice to opposing party.  The parties are under a continuing obligation to supplement discovery responses within ten (10) days of receipt or other notice of new or revised information.

02/03/12    Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Plaintiff shall make its experts available for deposition by Defendant.

02/17/12    Defendant must furnish expert witness list to the Plaintiff, along with the summaries/reports required by Local Rule 16.1.K, and only those expert witnesses shall be permitted to testify. Within the fourteen day period thereafter, Defendant shall make its experts available for deposition by Plaintiff.

04/13/12    All discovery must be completed.

04/27/12    All dispositive pretrial motions and memoranda of law must be filed.  A minimum of 15 weeks is required for the Court to review dispositive motions prior to filing of the joint pretrial stipulation. If no dispositive motions will be filed, clearly note this fact in the Joint Scheduling Report.

07/17/12    Deadline for parties to meet to confer on the preparation of the joint pretrial stipulation.

08/03/12    Mediation must be completed.  (The parties should select the earliest date to maximize resolution of the case in a manner that promotes client and judicial economy.)

[Attachment A]

- 2 -

08/17/12     (a) <u>Joint</u> pretrial stipulation must be filed pursuant to Local Rule 16.1.E.  The pretrial stipulation shall include Plaintiff's non-binding breakdown of damages with corresponding amounts; the witness lists shall be pared down to those witnesses the parties actually intend to call at trial; and the exhibit lists shall identify the witness introducing each exhibit. <u>The parties shall meet at least one month prior to that deadline</u> for filing the pretrial stipulation to confer on the preparation of the stipulation. The court will not accept unilateral pretrial stipulations, and will strike, *sua sponte*, any such submissions; and

(b) <u>Joint</u> proposed jury instructions (jury cases) or finding of facts and conclusions of law (non-jury case) outlining (1) the legal elements of Plaintiff's claims, including damages and (2) the legal elements of the defenses raised; and

(c) <u>Joint</u> Summary of Respective Motions in Limine must be filed.  The Summary shall contain a cover page providing the style of the case and an index of the motions in limine.  The Summary shall also include for each evidentiary issue: (i) a one page motion identifying the evidence sought to be precluded at trial and citing legal authority supporting exclusion; and (ii) a one page response to the motion providing a statement of the purpose for which the challenged evidence would be offered and citing legal authority in support of admission of the challenged evidence.  <u>The parties shall work together to prepare the Summary</u>. Prior to submission of the Summary, the parties are encouraged to resolve the evidentiary issues through stipulation.

08/24/12     Final proposed jury instructions or findings of fact and conclusions of law must be submitted. (A copy shall be emailed to Chambers in WordPerfect format at seitz@flsd.uscourts.gov). Each party's list indicating each witness who will testify at trial, a one sentence synopsis of the testimony, and in consultation with opposing counsel, indicate the amount of time needed for direct and cross examination.

08/27/12     Pretrial conference.  Usually 50 minutes are allotted for pretrial conference unless the parties or the Court, *sua sponte*, indicate a greater time is needed.

09/24/12     Trial Date.

N/A     Date of any other deadline the parties adopt as part of their case management plan, including *Daubert* or *Markman* hearing.  In cases the parties anticipate a *Markman* hearing, counsel must provide dates for the exchange of proposed disputed claim terms, and due dates for Plaintiff's brief and Defendant's brief.

[Attachment A]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-22838-CIV-SEITZ/SIMONTON

SCOTTSDALE INSURANCE CO.,

        Plaintiff,

v.

CONTINUUM ON SOUTH BEACH
MASTER ASSOCIATION., INC., and
CB ENTERTAINMENT, LLC.,

        DefendantS.
_____/

**ELECTION TO JURISDICTION BY A UNITED STATES**
**MAGISTRATE JUDGE FOR FINAL DISPOSITION OF MOTIONS**

In accordance with the provisions of 28 U.S.C. 636(c), the undersigned parties to the above-captioned civil matter hereby jointly and voluntarily elect to have a United States Magistrate Judge decide the following motions and issue a final order or judgment with respect thereto:

1. Motions for Costs            Yes  X        No _____
2. Motions for Attorney's Fees  Yes  X        No _____
3. Motions for Sanctions        Yes  X        No _____
4. Motions to Dismiss           Yes _____   No  X
5. Motions for Summary Judgment Yes _____   No  X
6. Other (specify) _____

 October 14, 2011       /s/Bridget Remington_____
(Date)                      (Signature-Plaintiff's Counsel)

 October 14, 2011       /s/Ronald G. Robey_____
(Date)                      (Signature-Defendant's Counsel)

[Attachment B]