UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-22838-CIV-SEITZ/SIMONTON

SCOTTSDALE INSURANCE COMPANY,

        Plaintiff,

v.

CB ENTERTAINMENT, *et al.*,

        Defendants.
_____/

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND MOTION FOR FINAL DEFAULT JUDGMENT

THIS MATTER is before the Court on Plaintiff's Motion for Summary Declaratory Judgment [DE-21] against Defendant Continuum on South Beach Master Association, Inc. (Continuum) and Plaintiff's Motion for Final Default Judgment Against Defendant CB Entertainment, LLC [DE-16].[1] This case arises out of two consecutive insurance policies Plaintiff issued to Continuum. Defendant CB Entertainment, LLC (CB Entertainment) has sued Continuum and others in state court to recover damages caused by water intrusion into a townhouse owned by CB Entertainment. In both Motions, Plaintiff seeks entry of a declaratory judgment stating that Plaintiff has no duty to defend or indemnify Continuum in the state court lawsuit filed by CB Entertainment. Because no genuine issues of material fact exist and the language of the Third Amended Complaint in the state court suit is clear, Plaintiff is entitled to summary judgment against Continuum and the entry of a default judgment against CB Entertainment.

---

[1] Defendant CB Entertainment LLC has not appeared or defended this action. Defendant Continuum has appeared and has filed a response to the Motion for Summary Declaratory Judgment [DE-22] and Plaintiff has filed a reply [DE-25].

## I. Material Facts

Plaintiff, Scottsdale Insurance Company (Scottsdale), issued to Continuum a commercial general liability insurance policy, Policy No. CPS1078482, for the period of October 18, 2009 through October 18, 2010. (DE-21-1.) Scottsdale issued a second commercial general liability policy to Continuum, Policy No. CPS1295765, for the period from October 18, 2010 until October 18, 2011. (DE-21-2.) Both policies contain the following language:

**SECTION 1 – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGES LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

\* \* \*

**b.** This insurance applies to "bodily injury" and "property damage" only if:

\* \* \*

(2) The "bodily injury" or "property damage" occurs during the policy period[.]

(DE-21-1 at 8 & DE-21-2 at 9.)

On September 11, 2010, CB Entertainment sued Continuum and others in the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida. The case is entitled *CB Entertainment, LLC v. South Beach Ocean Parcel Ltd.*, Case No. 10-49616-CA-40 (the State Court Suit). The current operative complaint in the State Court Suit is the Third Amended Complaint. (DE-21-3.) According to the Third Amended Complaint, since January 17, 2003,

CB Entertainment has been the owner of a townhouse condominium unit at the Continuum on South Beach, South Tower, in Miami Beach, Florida. (DE-21-3, ¶4.) CB Entertainment alleges that since June 13, 2003, its townhouse has suffered and continues to suffer water intrusion which has caused significant damage to the interior of the townhouse, including mold. (*Id.* at ¶23.) The Third Amended Complaint further alleges:[2]

> 28. It was not until 2009 that the causes of the problems were comprehensively determined. In particular, experts determined only in 2008, 2009 or 2010 that not only were the windows improperly designed and installed, but there was a failure to caulk the windows, the stucco on the walls had been improperly designed and installed, the roof was improperly designed and installed, and the planter and wall outside TH 4 [CB Entertainment's townhouse] had not been waterproofed, among other defects. These defects were not readily recognizable by persons (such as CB Entertainment) who lack special knowledge or training, or were hidden by components or finishes.
>
> 29. Turner, Developer, and the South Tower Association inspected TH 4 from 2003 and onward, and acknowledged that there was damage (including significant mold and water intrusion), but CB Entertainment was never informed, at that time, who was responsible because the manifestations were not obvious and what was the cause or causes of the damage. Although representations were made, continually, that repairs would be undertaken when the causes for the damage were determined, no repairs were made.
>
> 30. Further, on information and belief, from 2003 onward and until at least 2009, because the manifestations were not obvious, repeated destructive testing was conducted In TH 4 by the Developer, the South Tower Association, Turner, or their agents and subcontractors, in order to attempt to determine the reason for the water intrusion and what remediation was necessary, resulting in further damage to the unit. The Developer, Turner and the South Tower Association promised to repair such damage, but no repairs have been undertaken.
>
> 31. It was not until calendar year 2009, that CB Entertainment was informed that the damage was caused by, among other things, defectively constructed and/or designed roofs, windows, doors, sheer walls, planters and stucco all of which combined to render TH 4 uninhabitable and the elevator inoperable from before the date of closing, onward.

---

[2]The exact language of the Third Amended Complaint is set forth because it is relevant to determining coverage.

32. Indeed, on information and belief, it was not until 2009 that RCA, the windows and door subcontractor of Turner, advised the South Tower Association and Turner that RCA had not even sealed the windows of TH 4 due to RCA having been terminated by the Developer, and that CB Entertainment was also informed that the exterior doors to TH 4 had large gaps that allowed water to penetrate, and that the roof, control joints, and stucco needed to be repaired and/or replaced.

(*Id.* at ¶¶28-32.)

Plaintiff filed this suit seeking a declaratory judgment that its policies do not provide coverage for the damage to CB Entertainment's townhouse and, thus, it has no duty to defend or indemnify Continuum in the State Court Suit. In response to Plaintiff's Motion, Continuum asserts that Plaintiff has a duty to defend because the State Court Complaint alleges that the damages to CB Entertainment's townhouse did not manifest themselves, in part, until 2009, which falls within the policy periods.

## II. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (*quoting* Fed. R. Civ. P. 56(e)). The Court must view the record and all factual inferences therefrom in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter

of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (*quoting Anderson*, 477 U.S. at 251-52)).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

### III. Discussion

Plaintiff argues that it is entitled to summary judgment because under the language of the policies it is only responsible for property damage that occurred during the policy periods, October 18, 2009 through October 18, 2011, and the Third Amended Complaint in the State Court Suit makes clear that the property damage occurred before the policy periods. Continuum maintains that genuine issues of material fact exist about whether property damage occurred during the policy periods. However, based on the language of the Third Amended Complaint, genuine issues of material fact do not exist. The Third Amended Complaint does not allege that damages occurred during the policy periods. Thus, Scottsdale is entitled to summary declaratory judgment against Continuum and to final default judgment against CB Entertainment.

Neither party disputes, and the law is clear, that an insurer's duty to defend against a legal action arises from the allegations in the underlying complaint. *Higgins v. State Farm Fire & Casualty Co.*, 894 So. 2d 5, 10 (Fla. 2004). Thus, if the allegations in the underlying complaint

do not bring the claim within the coverage of the policy, the insurance company does not have a duty to defend. *Auto-Owners Insurance Co. v. Marvin Development Corp.*, 805 So. 2d 888, 891 (Fla. 2d DCA 2001). If there is no duty to defend, there is no corresponding duty to indemnify because the duty to indemnify is narrower than the duty to defend. *Essex Insurance Co. v. Big Top of Tampa, Inc.*, 53 So. 3d 1224 (Fla. 2d DCA 2011). However, any doubt about the duty to defend must be resolved in favor of the insured. *Amerisure Insurance Co. v. Gold Coast Marine Distributors, Inc.*, 771 So. 2d 579, 580-81 (Fla. 4th DCA 2000).

The policies at issue here explicitly state that they cover only property damage that "occurs during the policy period." Thus, the issue here is whether the Third Amended Complaint alleges that CB Entertainment's damages occurred during the policy periods. There are four theories of when property damage occurs: (1) exposure; (2) manifestation; (3) continuous trigger; and (4) injury in fact. *Auto Owners Insurance Co. v. Travelers Casualty & Surety Co.*, 227 F. Supp. 2d 1248, 1266 (M.D. Fla. 2002). Both parties agree that in construction defect cases, Florida courts apply the manifestation theory.[3] *See American Mutual Insurance Co. v. Albanese-Popkin The Oaks Development Group L.P.*, 2010 WL 4942972, *5 (S.D. Fla. Nov. 30, 2010); *Arnett v. Mid-Continent Casualty Co.*, 2010 WL 2821981 (M.D. Fla. 2010 July 16, 2010). Under the manifestation theory, damage occurs on the date on which the damage first becomes visible or is discovered. *Auto Owners*, 227 F. Supp. 2d at 1266; *Arnett*, 2010 WL at *7.

---

[3]While Continuum explicitly states that the manifestation theory applies, its argument seems to imply that this is a case of a continuous trigger. However, Continuum has not provided any authority showing that Florida has accepted the continuous trigger theory as a valid theory for determining when property damage occurs.

According to the allegations in the Third Amended Complaint, the damage to CB Entertainment's townhouse occurred a number of years outside the policy periods.

The Third Amended Complaint alleges that water intrusion began in June 2003 causing significant damage to the unit, including mold. The Third Amended Complaint further alleges that the parties to the State Court Suit acknowledged in 2003 that there was damage to the townhouse. *See* Complaint at ¶¶ 29 & 30. While the Third Amended Complaint alleges that the causes of the damages were not "comprehensively determined" until 2009, the Third Amended Complaint does not allege that the damages, *i.e.*, the water intrusion and significant mold, did not manifest themselves until then. In fact, the Third Amended Complain makes clear that these damages were apparent as early as 2003. While Continuum argues that the Third Amended Complaint alleges that damages also manifested in 2009 and 2010, there is no language in the Third Amended Complaint that actually says that damages manifested in 2009 or 2010 or that new damages were manifested in this time frame. Moreover, the paragraphs of the Third Amended Complaint relied upon by Continuum, paragraphs 28-31, primarily discuss the search for the cause of the damages in 2008, 2009, and 2010, not when the damages occurred. Continuum is reading more into the language of the Third Amended Complaint than is actually there. Additionally, it is ignoring the allegations in paragraph 29 that specifically allege that it was only the causes of the water intrusion and mold that were determined in 2009. Because the allegations in the underlying complaint do not bring the claim within the coverage of the policies, Plaintiff does not have a duty to defend or indemnify. Accordingly, it is

ORDERED that:

1. Plaintiff's Motion for Summary Declaratory Judgment [DE-21] is GRANTED.

2. Plaintiff's Motion for Final Default Judgment Against Defendant CB Entertainment, LLC [DE-16] is GRANTED.

3. The Court will enter a separate declaratory judgment.

4. All pending motions not otherwise ruled upon are denied as moot.

5. This case is CLOSED.

DONE and ORDERED in Miami, Florida, this 26th day of June, 2012.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record